UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE ORTIZ, individually, and for and on
Behalf of A.O. as parent, guardian and next of kin, a minor
And JEFFREY ORTIZ, individually, and for and on
Behalf of A.O. as parent, guardian and next of kin, a minor

                PLAINTIFFS,

vs.                                      CASE NO.:

GREATER ORLANDO AVIATION AUTHORITY (GOAA)
d/b/a Orlando International Airport (MCO)

        **Defendants**
_____/

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, **MICHELLE ORTIZ, individually, and for and on Behalf of A.O. as parent, guardian and next of kin, a minor and JEFFREY ORTIZ, individually, and for and on Behalf of A.O. as parent, guardian and next of kin, a minor** by and through their undersigned counsel, sue Defendants, **GREATER ORLANDO AVIATION AUTHORITY (GOAA) d/b/a Orlando International Airport (MCO)** and states:

### GENERAL ALLEGATIONS

1.    This is an action for damages brought against the Defendant pursuant to Title II of the American with Disabilities Act ( 42 U.S.C. 12131–65 ), Title III of the American with Disabilities Act (42 U.S.C. 12181–89 ), Title VI of the 1964 Civil Rights Act ( 42 U.S.C §§ 2000d- 2000d-7) and 42 U.S.C. §1983. This Court has original, concurrent, and subject matter jurisdiction pursuant to article III, section 1 of the U.S. Constitution, 28

U.S.C. sections 1331, 1332 and 1343 and Florida Constitution.

2. At all times material to the allegations of this complaint, Plaintiffs, **MICHELLE ORTIZ, individually, and for and on behalf of A.O. as parent, guardian and next of kin, a minor** (hereinafter "Plaintiff" "Mrs. Ortiz" ) resided in Teaneck, NJ and were visiting Orlando, Florida. **Mrs. Ortiz** is black, and married to **JEFFREY ORTIZ**, Latino. The coupled have an infant daughter, **A.O.,**

3. At all times material to the allegations of this complaint, Plaintiffs, **JEFFREY ORTIZ, individually, and for and on behalf of A.O. as parent, guardian and next of kin, a minor** (hereinafter "Plaintiff" "Mr. Ortiz" ) resided in Teaneck, NJ and were visiting Orlando, Florida. **Mr. Ortiz** is Latino, and married to **MICHELLE ORTIZ**, black. The coupled have an infant daughter, **A.O.,**

4. At all times material, Defendant **GREATER ORLANDO AVIATION AUTHORITY (GOAA) d/b/a Orlando International Airport (MCO)** is/was an organization created by the Florida Legislature as a City of Orlando agency responsible for the management and operations of all airport assets in Orlando Florida, including Orlando International Airport (MCO), and all services, facilities, operations related to the functioning of Orlando International Airport. GOAA is a governmental or quasi-governmental entity organized and existing under the laws of the State of Florida, the Federal Government and was/is receiving and accepting federal money, funds, and resources.

5. At all times material to this Complaint, Orlando International Airport (MCO) was an agency organized, existing, managed and/or under the authority of the Defendant, GOAA. Additionally, all MCO officials, including the employees, agents, representatives,

security personal, cleaning personnel were agents, representatives, and/or employees of Defendant GOAA and MCO and were acting in the course and scope of their employment and/or authority with the GOAA and MCO.

6. At all times material to this Complaint, all Defendants, and MCO Officials, representatives, employees, and agents were acting under color of State and Federal law, *to wit:* Federal and State statutes, ordinances, regulations, customs and usages of the State of Florida and in their actions and appearances pursuant to their authority.

7. All conditions precedent to the filing of this Complaint have occurred, been satisfied, or been waived in that written notice has been provided to the Defendant(s) GOAA and MCO.

## FACTUAL ALLEGATIONS

8. At the time of the subject incident, **MICHELLE ORTIZ**, who is black, and married to **JEFFREY ORTIZ**, Latino, was handicapped (and still is) or had a disability resulting from a disability (dislocated knee, with possible future knee replacement), and was confined to a wheelchair. Mrs. Ortiz was suffering from chronic knee pain, weakness, and instability and as a result of her disability, for example, but not exhaustive, she is unable to perform or has/had physical limitations which substantially limits or impairs a major and fundamental life activity, to wit, her ability to function and engage in any major life activities, such as walking long distances, standing or sitting for extended periods of time.

9. **A.O**. is a minor, suffering from a disability, and is handicapped or has a disability resulting from being diagnosed with a disability, among other conditions Irritable Emotional Disorder (IED). This condition causes A.O. to become irritable, afraid of,

startled by and negatively and gravely affected by loud noises and frequent high pitched noises and sounds.  As a result of her disability, for example, but not exhaustive, she is unable to endure prolonged loud noises and sounds and require being taken to quiet, secure and remote areas and locations to be calmed and able to function, generally indicative of autistic children. A.O.is the infant daughter of MICHELLE ORTIZ and JEFFREY ORTIZ.

10. On January 13, 2023, Plaintiffs were at MCO traveling between New Jersey/New York and Florida.  At the time in question, sirens or alarms were activated in or near the location Plaintiffs were waiting, which caused A.O. and Mrs. Ortiz a great deal of distress.

11. Mr. Ortiz and Mrs. Ortiz noticed other white mothers using a nearby baby nursing room and waited until these mothers were finished so  Plaintiffs could calm down their child who was screaming uncontrollably in the waiting area. A.O. and Mrs. Ortiz especially found this a relief since there were several occasions when the alarms went off in the airport which were extremely loud and disturbing, both to mother and child.

12. Due to Mrs. Ortiz's disability, Mr. Ortiz wheeled his wife, who was holding A.O. to the baby nursing room.   Additionally, Mrs. Ortiz had crutches and required the use of them.  While Mrs. Ortiz was  in the "nursing room" to nurse, calm and care for A.O., which was the purpose of the "nursing room", to care for children, on numerous occasions cleaning personnel from MCO banged on the door loudly, yelled, and woke up A.O. who began screaming uncontrollably again.

13. Mrs. Ortiz could hear the employees and cleaning personnel speaking Spanish so Mrs. Ortiz asked Mr. Ortiz to assist with a Spanish translation to explain why Mrs. Ortiz

was in the room yet the workers continued to knock and bang on the door. Mr. Ortiz repeatedly informed the employees and cleaning personnel Mrs. Ortiz and A.O. have disabilities, and the reason they were in the "nursing room". Mr. Ortiz and Mrs. Ortiz told the employees and cleaning personnel in Spanish and English, and even used a telephonic translator. Yet, they continued to bang on the door, yell, tell Mrs. Ortiz and A.O. to leave or get out, and forced Mrs. Ortiz and A.O. to leave the "nursing room".

14. Insofar as Plaintiffs believed, and still believe, they were subjected to discrimination as they were not afforded the same accommodation, services or use of the facilities as white patrons, or non-disabled/handicapped patrons, or patrons in bi-racial relationships. Prior to and after the subject incident, Plaintiff observed white mothers and non-handicapped or disabled mothers using the facilities, without any disturbance or problems from MCO staff or employees. In fact, after the incident, Plaintiffs observed white and non-handicapped or disabled mothers again using the nursing room.

15. Moreover, insofar as Plaintiffs believed, and still believe, they were subjected to discrimination, and Plaintiffs received no satisfaction when seeking assistance from security or management at MCO, Plaintiffs through their Counsel filed a formal notice/complaint regarding their discriminatory treatment, and mistreatment. Thus, Plaintiffs engaged in "protected activity".

16. After Plaintiffs filed their formal notice/complaint; in response, or in furtherance of the humiliation, and discrimination of Plaintiffs, Defendant(s) through their agents, employees, or representatives retaliated against Plaintiffs by making false, misleading, and manufactured statements and comments in order to exonerate MCO's agents, employees,

or representatives for the actions complained of herein. To this point, for example, video footage (to which Defendant is already in possession of) show Mr. Ortiz talking to a Sgt. Costa, security personnel. The video shows the recorded conversation between Mr. Ortiz and Sgt. Costa. Mr. Ortiz is very calm and merely talking to Sgt. Costa. Yet, in a report generated by Defendant/MCO, the report claims "Mr. Ortiz was yelling/cursing, threatening, etc., when speaking to Sgt. Costa and others.," Indeed, this comment and a plethora of other false comments, statements, including statements or actions attributable to Mrs. Ortiz, and reports by Defendant/MCO were specifically designed to malign Plaintiffs and paint them in a false light due to their race (and disability) in an effort to justify the misconduct, and discriminatory conduct of Defendant's employees, agents, and representatives and in retaliation for Plaintiffs' complaints.

As a result of the discriminatory conduct of the Defendant's guards, security supervisor, employees and agents, PLAINTIFFS have sustained damages and continues to sustain damages as a result of Defendant's ongoing discriminatory actions towards them.

### COUNT I- PLAINTIFFS MICHELLE ORTIZ AND A.O., ADA TITLE II VIOLATIONS AGAINST GOAA/MCO

### ("Direct Disability Discrimination" and "Retaliation")

17. PLAINTIFFS repeat, re-allege and incorporate paragraphs 1-16 set forth above.

18. PLAINTIFFS have exhausted their administrative remedies as described in paragraph 7 above and therefore all conditions precedent to filing suit under the ADA, have been met, if required.

19. Title II applies to State and local government entities, and, in Subtitle A, protects

qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. Title II extends the prohibition on discrimination established by section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 (section 504), to all activities of State and local governments regardless of whether these entities receive Federal financial assistance. 42 U.S.C. 12131–65.

20. Title II of ADA prohibits discrimination on the basis of disability, and prohibits discrimination against disabled individuals in places of public accommodation and public places, and requires disabled individuals be afforded the same programs, services, privileges, benefits and activities provided by or made available by public or private entities as afforded to non-handicapped or disabled individuals, including being permitted to enter a place of public accommodation and enjoy the benefits, services and benefits therein, such as bathrooms, nursing rooms, etc., The Defendant GOAA/MCO is a public entity and a place of public accommodation, public gathering, place of travel and public place under the ADA.

21. PLAINTIFFS ARE a members of a protected class in that they are/were handicapped, disabled, or suffered from a disability as defined in or by the ADA. To this end, PLAINTIFFS have/had severe disabilities as set forth in paragraphs 8 and 9 which substantially limits or impairs several major and fundamental life activities and render/rendered them unable to do many major life activities. Additionally, PLAINTIFFS have a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities.

Defendants violated the ADA in that Defendant discriminated against Plaintiffs by, among other things, (1) denying them or delaying them a reasonable accommodation or use of the nursing room or facilities due to their disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiffs any type of reasonable accommodation or use of the nursing room, even though the reasonable accommodation(s) sought by Plaintiffs, of simply being able to use the nursing room in peace, and/or momentarily delay the cleaning of the nursing room, would have placed no burden whatsoever on Defendant and (3) by retaliating against Plaintiffs by making false statements and comments about Plaintiffs' actions for complaining of unfair and discriminatory treatment to management and/or security services.

22. As a direct and proximate result of the aforementioned violations, PLAINTIFFS have suffered loss of benefits of using services, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, PLAINTIFFS demand the following relief: any and all damages afforded or allowed under the ADA, including attorney's fees, and costs pursuant to the ADA, a trial by jury and any other relief this court deems just and proper.

### COUNT II- PLAINTIFFS MICHELLE ORTIZ AND A.O., ADA TITLE III VIOLATIONS AGAINST GOAA/MCO

**("Direct Disability Discrimination" and "Retaliation")**

23. PLAINTIFFS repeat, re-allege and incorporate paragraphs 1-16 set forth above.

24. PLAINTIFFS have exhausted their administrative remedies as described in

paragraph 7 above and therefore all conditions precedent to filing suit under the ADA, have been met, if required.

25. Title III applies to State and local government entities, and private businesses involved in "commerce" such as MCO and prohibits discrimination on the basis of disability in the activities of places of public accommodation and requires newly constructed or altered places of public accommodation—as well as commercial facilities (privately owned, nonresidential facilities such as factories, warehouses, or office buildings)—to comply with the ADA Standards. 42 U.S.C. 12181–89.

26. Title III of ADA prohibits discrimination on the basis of disability, and prohibits discrimination against disabled individuals in places of public accommodation and public places, and requires disabled individuals be afforded the same programs, services, privileges, benefits and activities provided by or made available by public or private entities as afforded to non-handicapped or disabled individuals, including being permitted to enter a place of public accommodation and enjoy the benefits, services and benefits therein, such as bathrooms, nursing rooms, etc., The Defendant GOAA/MCO is a public entity and a place of public accommodation, public gathering, place of travel and public place under the ADA.

27. PLAINTIFFS ARE a members of a protected class in that they are/were handicapped, disabled, or suffered from a disability as defined in or by the ADA. To this end, PLAINTIFFS have/had severe disabilities as set forth in paragraphs 8 and 9 which substantially limits or impairs several major and fundamental life activities and render/rendered them unable to do many major life activities. Additionally, PLAINTIFFS

have a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendants violated the ADA in that Defendant discriminated against Plaintiffs by, among other things, (1) denying them or delaying them a reasonable accommodation or use of the nursing room or facilities due to their disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiffs any type of reasonable accommodation or use of the nursing room, even though the reasonable accommodation(s) sought by Plaintiffs, of simply being able to use the nursing room in peace, and/or momentarily delay the cleaning of the nursing room, would have placed no burden whatsoever on Defendant and (3) by retaliating against Plaintiffs by making false statements and comments about Plaintiffs' actions for complaining of unfair and discriminatory treatment to management and/or security services.

28. As a direct and proximate result of the aforementioned violations, PLAINTIFFS have suffered loss of benefits of using services, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, PLAINTIFFS demand the following relief: any and all damages afforded or allowed under the ADA, including attorney's fees, and costs pursuant to the ADA, a trial by jury and any other relief this court deems just and proper.

## COUNT III- PLAINTIFFS MICHELLE ORTIZ AND A.O., TITLE VI OF 1964 CIVIL RIGHTS ACT VIOLATIONS AGAINST GOAA/MCO

## ("Direct Disability Discrimination" and "Retaliation")

29.     PLAINTIFFS repeat, re-allege and incorporate paragraphs 1-16 set forth above.

30.     PLAINTIFFS have exhausted their administrative remedies as described in paragraph 7 above and therefore all conditions precedent to filing suit under the Title VI have been met, if required.

31.     Title VI, 42 U.S.C. § 2000d et seq., was enacted as part of the landmark Civil Rights Act of 1964. It prohibits discrimination on the basis of race, color, and national origin in programs and activities of entities receiving federal financial assistance.

32.     Title VI itself prohibits intentional discrimination and if a recipient of federal assistance is found to have discriminated, the federal agency providing the assistance can initiate fund termination proceedings.

33.     Title VI prohibits discrimination on the basis of race, color and national origin, and requires minority, non-white and those citizens and residents born outside the United States, in other words, of a different national origin, be afforded the same programs, services, privileges, benefits and activities provided by or made available to white citizens, white individuals or of citizens of American national origin, including being permitted to enter a place of public accommodation, and places of public gatherings, or travel, and enjoy the benefits, services and benefits therein, such as bathrooms, nursing rooms, etc., as the same as white citizens. The Defendant GOAA/MCO is a public entity and a place of public accommodation, public gathering, place of travel, a public place, and receive federal

funding; or receive federal assistance; or federal funding recipient and therefore, fall under the auspices of Title VI.

34. PLAINTIFFS ARE a members of a protected class in that they are black and or a person of color as defined in or by the Title VI. Defendants violated the Title VI in that Defendant discriminated against Plaintiffs by, among other things, (1) denying them or delaying them the undisturbed use of the nursing room or facilities due to their race or color in the manner in which Plaintiff observed white and non-minority patrons, guests, or invitees and/or (2) by refusing to and/or failing to offer Plaintiffs any type of assistance, use of the facilities and services, or use of the nursing room, even though white patrons, guests or invitees were permitted to use the nursing room in peace, and without interruption whatsoever by Defendant and (3) by retaliating against Plaintiffs by making false statements and comments about Plaintiffs' actions for complaining of unfair and discriminatory treatment to management and/or security services due to their race and/or color.

35. As a direct and proximate result of the aforementioned violations, PLAINTIFFS have suffered loss of benefits of using services, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, PLAINTIFFS demand the following relief: any and all damages afforded or allowed under the Title VI, including attorney's fees, and costs pursuant to Title VI, a trial by jury and any other relief this court deems just and proper.

## COUNT IV- PLAINTIFF JEFFREY ORTIZ TITLE VI OF 1964 CIVIL RIGHTS ACT VIOLATIONS AGAINST GOAA/MCO

## ("Direct Disability Discrimination" and "Retaliation")

36. PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-16 set forth above.

37. PLAINTIFF has exhausted his administrative remedies as described in paragraph 7 above and therefore all conditions precedent to filing suit under the Title VI have been met, if required.

38. Title VI, 42 U.S.C. § 2000d et seq., was enacted as part of the landmark Civil Rights Act of 1964. It prohibits discrimination on the basis of race, color, and national origin in programs and activities of entities receiving federal financial assistance.

39. Title VI itself prohibits intentional discrimination and if a recipient of federal assistance is found to have discriminated, the federal agency providing the assistance can initiate fund termination proceedings.

40. Title VI prohibits discrimination on the basis of race, color and national origin, and requires minority, non-white and those citizens and residents born outside the United States, in other words, of a different national origin, be afforded the same programs, services, privileges, benefits and activities provided by or made available to white citizens, white individuals or to citizens of American national origin, including being permitted to enter a place of public accommodation, and places of public gatherings, or travel, and enjoy the benefits, services and benefits therein, such as bathrooms, nursing rooms, etc., as the same as white citizens. The Defendant GOAA/MCO is a public entity and a place of public accommodation, public gathering, place of travel, a public place, and receive federal

funding; or receive federal assistance; or federal funding recipient and therefore, fall under the auspices of Title VI.

41. PLAINTIFF IS a members of a protected class in that he is Latino, black and or a person of color as defined in or by the Title VI. Defendants violated the Title VI in that Defendant discriminated against Plaintiff by, among other things, (1) denying him or delaying him, and his family, the undisturbed use of the nursing room or facilities due to his/their race or color in the manner in which Plaintiff observed white and non-minority patrons, guests, or invitees and/or (2) by refusing to and/or failing to offer Plaintiff any type of assistance, use of the facilities and services, or use of the nursing room, even though white patrons, guests or invitees were permitted to use the nursing room in peace, and without interruption whatsoever by Defendant and (3) by retaliating against Plaintiff by making false statements and comments about Plaintiff's actions for complaining of unfair and discriminatory treatment to management and/or security services due to their race and/or color.

42. As a direct and proximate result of the aforementioned violations, PLAINTIFF has suffered loss of benefits of using services, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, PLAINTIFFS demand the following relief: any and all damages afforded or allowed under the Title VI, including attorney's fees, and costs pursuant to Title VI, a trial by jury and any other relief this court deems just and proper.

## COUNT V- PLAINTIFFS MICHELLE ORTIZ AND A.O., 42 U.S.C. §1983/ FOURTEENTH AMENDMENT VIOLATIONS AGAINST GOAA/MCO

43. Plaintiffs incorporate the allegations contained in the preceding paragraphs 1 through 16 above as if fully set forth herein.

44. The Defendant(s), GOAA operating as MCO, while acting under federal and state law deprived Plaintiffs, MICHELLE ORTIZ and A.O., of their civil rights due to their race pursuant to the 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution by condoning, practices, including inadequate training of employees, staff, security personnel and administrators, regarding race discrimination and the equal provision of services, facilities, and treatment of black and/or minority customers, visitors, and invitees and inadequate investigation of complaints by black and minority customers, visitors, and invitees and by having customs of failing to treat black and/or minority customers, visitors and invitees equally to that of white or non-minority customers, visitors, and invitees in the provision of services, facilities, and treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.

45. Indeed, in this case, at the time, before and immediately after the subject incident Defendants' employees, staff, and security personnel were aware of their discriminatory treatment of Plaintiffs insofar as white patrons were permitted to use the facilities without disturbance, interference, rancor or hostilities. In fact, the Defendants have a pattern, and practice of treating black and/or minority customers, visitors, and invitees in such a manner as evidence by past complaints, and by the complaints of the Plaintiffs herein to

security personnel and management, both of whom acquiesced and ratified the conduct of the employees, staff, and security personnel by ignoring Plaintiffs' constant and persistent complaints, failing to conduct a fair and impartial investigation, and by deliberately and intentionally making false, untrue, and inaccurate statements and comments in its report to unjustly malign, besmirch and mischaracterize the conduct of Plaintiffs in order to justify the discriminatory conduct of its employees, staff, and security personnel.

46. Plaintiffs would show that the actions of the above entities were under color of federal and state law and insofar as the Defendant GOAA and MCO knew of these deprivations by the continuous, prior and constant complaints by Plaintiffs and/or other black and/or minority customers, visitors, and invitees and these actions, omissions, failures by Defendant GOAA and MCO were done with callous and deliberate indifference to Plaintiffs' civil rights, and shocking to the conscious, in that these actions, omissions, failures, and policies ultimately resulted in the violation of Plaintiff's civil rights under the Equal Protection Clause of the Fourteenth Amendment.

47. As a direct and proximate result of Defendant(s') actions and omissions and actions by the Defendant GOAA and MCO officials, administrator, staff, employees and security personnel ,. which were sufficiently severe, pervasive and offensive so as to deny Plaintiffs equal treatment and services, Plaintiffs suffered oppression, loss of dignity, emotional, psychological and physical injuries, were subjected to insult, and suffered fear of returning to MCO. These damages are continuing, permanent or will continue in the future.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant GOAA and MCO for compensatory damages, costs, attorneys under §1988, and demands trial by jury of all issues so triable.

### COUNT VI- PLAINTIFF JEFFREY ORTIZ §1983/ FOURTEENTH AMENDMENT VIOLATIONS AGAINST GOAA/MCO

48. Plaintiff incorporates the allegations contained in the preceding paragraphs 1 through 16 above as if fully set forth herein.

49. The Defendant(s), GOAA operating as MCO, while acting under federal and state law deprived Plaintiff, JEFFREY ORTIZ of his civil rights due to his race pursuant to the 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution by condoning, practices, including inadequate training of employees, staff, security personnel and administrators, regarding race discrimination and the equal provision of services, facilities, and treatment of black and/or minority customers, visitors, and invitees and inadequate investigation of complaints by black and minority customers, visitors, and invitees and by having customs of failing to treat black and/or minority customers, visitors and invitees equally to that of white or non-minority customers, visitors, and invitees in the provision of services, facilities, and treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.

50. Indeed, in this case, at the time, before and immediately after the subject incident Defendants' employees, staff, and security personnel were aware of their discriminatory treatment of Plaintiffs insofar as white patrons were permitted to use the facilities without disturbance, interference, rancor or hostilities. In fact, the Defendants have a pattern, and

practice of treating black and/or minority customers, visitors, and invitees in such a manner as evidence by past complaints, and by the complaints of the Plaintiff herein to security personnel and management, both of whom acquiesced and ratified the conduct of the employees, staff, and security personnel by ignoring Plaintiff's constant and persistent complaints, failing to conduct a fair and impartial investigation, and by deliberately and intentionally making false, untrue, and inaccurate statements and comments in its report to unjustly malign, besmirch and mischaracterize the conduct of Plaintiff in order to justify the discriminatory conduct of its employees, staff, and security personnel.

51. Plaintiff would show that the actions of the above entities were under color of federal and state law and insofar as the Defendant GOAA and MCO knew of these deprivations by the continuous, prior and constant complaints by Plaintiff and/or other black and/or minority customers, visitors, and invitees and these actions, omissions, failures by Defendant GOAA and MCO were done with callous and deliberate indifference to Plaintiff's civil rights, and shocking to the conscious, in that these actions, omissions, failures, and policies ultimately resulted in the violation of Plaintiff's civil rights under the Equal Protection Clause of the Fourteenth Amendment.

52. As a direct and proximate result of Defendant(s') actions and omissions and actions by the Defendant GOAA and MCO officials, administrator, staff, employees and security personnel ,. which were sufficiently severe, pervasive and offensive so as to deny Plaintiff equal treatment and services, Plaintiff suffered oppression, loss of dignity, emotional, psychological and physical injuries, were subjected to insult, and suffered fear of returning

to MCO. These damages are continuing, permanent or will continue in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendant GOAA and MCO for compensatory damages, costs, attorneys under §1988, and demands trial by jury of all issues so triable.

On this Day 11TH of June 2024.

S/ Frank T. Allen
FRANK T. ALLEN, ESQUIRE
FBN- 0033464
**THE ALLEN FIRM, P.A.**
2582 Maguire Rd.,
Suite 130
OCOEE, FL 347611
(407) 481-8103
Fallen@TheAllenFirmPA.com (email)
Attorneys for Plaintiffs

_____ (attached)
MICHELLE ORTIZ

_____
JEFFREY ORTIZ